UNITED STATES DISTRICT COURT                                    SN 7057
EASTERN DISTRICT OF NEW YORK

---

ENRIQUE RIVERA,

                    Petitioner,          AFFIRMATION IN RESPONSE TO ORDER
                                         TO SHOW CAUSE

          -against-                      15-CV-2657 (WFK)

THOMAS GRIFFIN,

                    Respondent.

---

STATE OF NEW YORK    )
                     )    SS:
COUNTY OF KINGS      )

    SOLOMON NEUBORT, duly affirms, deposes and states as follows:

    I am an Assistant District Attorney of counsel to Kenneth P. Thompson, the District Attorney of Kings County.  I am admitted to practice in New York State and before this Court.

    This affirmation is submitted pursuant to this Court's Order to Show Cause, dated June 3, 2015. By that order, this Court directed respondent to show why a writ of habeas corpus should not be issued.

    1.  On February 27, 2005, sometime before 2:00 a.m., inside of the El Borinquen Bar located at 314 39th Street in Brooklyn, defendant, in front of eyewitnesses, repeatedly stabbed Edgar Ojeda, puncturing Ojeda's lung and causing his death.  Defendant

1

was arrested on February 28, 2005, and he confessed to the police orally, in writing, and on videotape, that he had swung a knife in the victim's presence.

2.    For the above acts, defendant was charged, under Kings County Indictment Number 1453/2005, with murder in the second degree (N.Y. Penal Law § 125.25[1]) and criminal possession of a weapon in the fourth degree (N.Y. Penal Law § 265.01[2]).

3.    Commencing on June 6, 2006, a pretrial supression hearing was conducted, after which defendant's motion to suppress evidence was denied.

4.    Defendant's first trial ended in a mistrial as a result of a hung jury.  See Rivera v. Firetog, 11 N.Y.3d 501 (2008).

5.    Defendant filed a motion, pursuant to Article 78 of the Civil Practice Law and Rules, in the Appellate Division to prohibit retrial of defendant on the indictment.

6.    By decision and order dated October 23, 2007, the Appellate Division granted defendant's motion, and ordered that the People were prohibited from retrying defendant on the present indictment, but held that nothing prevented the People from re-presenting any appropriate charges to another grand jury.  Rivera v. Firetog, 44 A.D.3d 957 (2d Dep't 2007).

7.    By decision and order dated December 2, 2008, the Court of Appeals reversed the decision of the Appellate Division, and held that the People were permitted to retry defendant on the

2

present indictment.   Rivera v. Firetog, 11 N.Y.3d 501 (2008), cert. denied, 129 S. Ct. 2012 (2009).

8.   On or about May 4, 2009, the prosecutor informed the defense that defendant's cousin Jahaira Serrano had recanted her pretrial sworn statement to the police that she had observed the barroom brawl and that defendant's brother had informed her after the brawl that defendant had confessed to stabbing the victim.

9.   On May 5, 2009, jury selection for defendant's second trial commenced.

10.   At defendant's second trial, defendant took the stand and testified that he did not have a knife on the night of the homicide, that he did not stab the victim, and that his confession was coerced by a detective who allegedly threatened him that, if he did not confess to the stabbing, then defendant's brother would be charged for the homicide.   Defendant's brother also testified at that trial.   On cross-examination, the prosecutor asked defendant's brother whether he told Serrano that defendant stabbed the victim, and defendant's brother denied telling that to Serrano.

11.   On May 13, 2009, the jury found defendant guilty of manslaughter in the first degree (N.Y. Penal Law § 125.20[1]).

12.   On June 8, 2009, defendant appeared for sentencing. Prior to the imposition of sentence, defendant moved orally, pursuant to New York Criminal Procedure Law § 330.30, to set aside

the verdict, or, in the alternative, to adjourn the sentencing for the defense to perform further investigation to enhance its motion to set aside the verdict.

13.   In support of the motion, defense counsel asserted that, after the prosecutor informed him that Serrano had recanted, defense counsel retained an investigator, who located Serrano only after the verdict had already been reached.   According to defense counsel, Serrano told him that she had not observed the barroom brawl and that, it was only because the police had threatened to have her child removed from her custody if she did not say that defendant's brother implicated defendant in the stabbing, that she reported falsely to the police and the prosecutor that defendant's brother told her that defendant stabbed the victim.

14.   Defense counsel further asserted that, after interviewing Serrano, he asked the investigator to locate Serrano's boyfriend Rudy Cordova.   Prior to trial, Cordova reported to the police, and gave a sworn statement to a prosecutor, that he had observed the barroom brawl, that he had not seen a knife in defendant's hands, and that defendant's brother later informed him that defendant had stabbed the victim.

15.   According to defense counsel, the investigator located Cordova, who told the investigator that the police had pressured him to say falsely that defendant's brother had implicated defendant in the stabbing.

4

16.  Defense counsel asserted that, if he had learned prior to the conclusion of the trial about the police's purported pressure on Serrano and Cordova, then he would have called them as witnesses to testify about the purported police pressure.

17.  In response, the prosecutor pointed out that Serrano was defendant's cousin and that Cordova was Serrano's boyfriend and father of her child, and that therefore those witnesses had always been available to the defense.  The prosecutor also noted that Cordova, in addition to having given a sworn audio-recorded statement, testified before the grand jury.  The prosecutor explained that the reason why she did not call Serrano and Cordova as witnesses at trial was because they told her that they were no longer sure about what they had seen in the bar.  (The prosecutor could not have called Serrano or Cordova to testify that defendant's brother had implicated defendant in the stabbing, because that would have constituted inadmissible hearsay).

18.  The court denied defendant's motion, because, as a preliminary matter, defendant failed to submit affidavits from any of the purported witnesses.  The Court denied defendant's motion on the additional ground that the motion was meritless.  First, neither Serrano nor Cordova testified at trial, and therefore their recantation could not have influenced the outcome of the trial.  Second, neither Serrano nor Cordova had anything material to offer at trial as defense witnesses.  Both Serrano and Cordova

5

gave sworn pretrial statements that they had observed the barroom brawl and that defendant's brother had told them that defendant stabbed the victim. Thus, because their pretrial statements were not elicited at trial, calling Serrano and Cordova as trial witnesses to recant their pretrial statements could not have aided the defense, and in any event their trial testimony recanting their pretrial statements would have been subject to significant impeachment, given that their pretrial statements had been made under oath. Third, regardless of whether Serrano and Cordova recanted their prior sworn statements, the fact remains that they made those statements. Accordingly, the prosecutor had a good-faith basis for asking defendant's brother at trial whether he told Serrano that defendant stabbed the victim. Moreover, because at trial defendant's brother denied telling that to Serrano, and because no other evidence in that regard was elicited at trial, there was no evidence presented at trial that defendant's brother had implicated defendant. Therefore, even if the prosecution would have disclosed the recantation earlier, and thereby have permitted the investigator to have been able to perform his investigation earlier, the defense still would have had no reason to call Serrano or Cordova to rebut an allegation that was not in evidence.

19.  The court sentenced defendant to a term of imprisonment of twenty-five years and a period of post-release supervision of five years (Marrus, J., at trial and sentence).

20.  Defendant appealed from the judgment of conviction to the Appellate Division, Second Department, claiming that the trial court erred in failing to submit manslaughter in the second degree as a lesser-included offense.  Defendant also claimed that the sentence was harsh and excessive.

21.  On November 27, 2012, the Appellate Division affirmed the judgment of conviction.  People v. Rivera, 100 A.D.3d 658 (2d Dep't 2012).  The Appellate Division held that no reasonable view of the evidence -- even when viewing the evidence in the light most favorable to defendant -- supported a finding that defendant might have committed only the lesser offense of second-degree manslaughter, but not the greater offense of murder.  The Appellate Division also held that defendant's sentence was not excessive.  Id.

22.  On March 1, 2013, Associate Judge Victoria A. Graffeo of the New York Court of Appeals granted defendant leave to appeal to the Court of Appeals from the order of the Appellate Division.  People v. Rivera, 20 N.Y.3d 1103 (2013).

23.  By decision and order dated April 8, 2014, the Court of Appeals affirmed the judgment of conviction.  People v. Rivera, 23 N.Y.3d 112 (2014).

24.  By <u>pro</u> <u>se</u> papers dated June 11, 2014, defendant moved, pursuant to New York Criminal Procedure Law § 440.10, to vacate the judgment of conviction, claiming that (a) his pretrial statements were coerced, (b) he was denied a fair trial because the People allegedly delayed disclosure that a witness who did not testify at trial had recanted, and (c) he was actually innocent.

25.  By decision and order dated September 4, 2014, defendant's motion to vacate the judgment of conviction was denied (Marrus, J.).  The court held that defendant's <u>Brady</u> claim and defendant's involuntary-statement claim claim were procedurally barred, because defendant could have raised those claims on direct appeal, but defendant failed to do so.  The court also held that defendant failed to offer evidence that he was actually innocent.

26.  Defendant is incarcerated pursuant to the judgment of conviction.

27.  In his present petition for a writ of <u>habeas</u> <u>corpus</u>, defendant claims that (a) the trial court erred by refusing to submit second-degree manslaughter as a lesser-included offense of the murder charge, (b) the sentence imposed was excessive, (c) his pretrial statements were coerced, (d) he was denied a fair trial by, alleged, delayed disclosure of <u>Brady</u> material, (e) he is actually innocent.

28.  The state record is still be prepared for filing with this Court.

8

For the reasons set forth in the accompanying memorandum of law, defendant's <u>habeas</u> petition should be denied.

Dated:   Brooklyn, New York
         August 3, 2015

_____
Solomon Neubort
Assistant District Attorney
Office of the Kings County
District Attorney
350 Jay Street
Brooklyn, New York  11201
(718) 250-2514

UNITED STATES DISTRICT COURT                           SN 7057
EASTERN DISTRICT OF NEW YORK

---

ENRIQUE RIVERA,

                    Petitioner,

          -against-                    <u>Memorandum of Law</u>

                                       15-CV-2657 (WFK)
THOMAS GRIFFIN,

                    Respondent.

---

POINT I

<u>THE REJECTION BY THE STATE COURTS OF DEFENDANT'S CLAIM
THAT THE TRIAL COURT ERRED BY REFUSING TO SUBMIT
SECOND-DEGREE MANSLAUGHTER AS A LESSER-INCLUDED
OFFENSE OF THE MURDER CHARGE WAS NEITHER CONTRARY TO,
NOR INVOLVED AN UNREASONABLE APPLICATION OF, FEDERAL
LAW</u>.

Defendant claims that the trial court erred by refusing to
submit second-degree manslaughter as a lesser-included offense
of the murder charge, but defendant's claim is meritless.  A
state trial court's failure to charge a lesser-included offense
is not cognizable in a federal <u>habeas</u> <u>corpus</u> proceeding.

     Under the Antiterrorism and Effective Death Penalty Act of
1996 ("AEDPA"), an application for a writ of <u>habeas</u> <u>corpus</u>
cannot be granted on the basis of a claim that was adjudicated
in state court on the merits, unless the state court's
adjudication of that claim: "(1) resulted in a decision that
was contrary to, or involved an unreasonable application of,

clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."   28 U.S.C. § 2254(d); see Bell v. Cone, 535 U.S. 685, 693-93 (2002).

Under the "unreasonable application" clause, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  Williams v. Taylor, 529 U.S. 420, 435 (2000); see also Francis S. v. Stone, 221 F.3d 100, 111 (2d Cir. 2000) ("[s]ome increment beyond incorrectness is required" for a state court decision to be an unreasonable application, though "the increment need not be great").

The "threshold question" in deciding habeas petitions -- to which this deferential standard applies -- "is whether [the petitioner] seeks to apply a rule of law that was clearly established at the time his state-court conviction became final."  Williams v. Taylor, 529 U.S. 362, 390 (2000).  This means that a petitioner must "identify a clearly established Supreme Court precedent that bears on his claim."  Loliscio v. Goord, 263 F.3d 178, 191 (2d Cir. 2001); accord, Garvin v. Farmon, 258 F.3d 951, 955 (9th Cir. 2001) ("Analysis of an AEDPA

2

habeas corpus appeal begins with identification of what Supreme Court decisions [the petitioner] claims the state court decision was contrary to or misapplied"), cert. denied, 535 U.S. 990 (2002).  Moreover, a petitioner cannot succeed by showing that the state court misapplied a Circuit Court precedent.  See Delvalle v. Armstrong, 306 F.3d 1197, 1199-1200 (2d Cir. 2002) (holding that petitioner could not rely on circuit precedent expressly disapproving reasonable doubt instruction given in his case because deferential standard of review required that more general Supreme Court precedent regarding state jury instructions be used to evaluate claim); Hoi Man Yung v. Walker, 296 F.3d 129 (2d Cir. 2002) (reversing judgment granting writ because district court applied Second Circuit rule, rather than applying limited, and more general, Supreme Court precedent on issue).

    The Supreme Court has held that due process requires a trial court to submit jury instructions on lesser-included offenses in capital cases.  See Beck v. Alabama, 447 U.S. 625, 637-38 (1980).  But the Supreme Court has not decided whether due process requires a trial court to submit jury instructions on lesser-included offenses in non-capital cases.  Id. at 638 n.14.  Indeed, The Supreme Court has expressly declined to consider whether there is constitutional requirement in non-capital cases to submit a lesser-included offense  Id.

3

Accordingly, because "a decision interpreting the Constitution to require the submission of instructions on lesser-included offenses in non-capital cases would involve the announcement of a new rule," a state prisoner in a non-capital case cannot obtain federal habeas relief based on a claim that the trial court erred by not submitting a lesser-included charge. <u>Jones v. Hoffman</u>, 86 F.3d 46, 48 (2d Cir. 1996); <u>Bonilla v. Lee</u>, 35 F. Supp. 3d 551 (S.D.N.Y. 2014); <u>Ware v. Filion</u>, 2006 U.S. Dist. Lexis 73019 *32-33 (S.D.N.Y. October 6, 2006).

In any event, for the reasons given by the People in their brief to the New York Court of Appeals in response to defendant's appeal to that court and for the reasons given by the New York Court of Appeals in their decision on defendant's appeal -- both of which are hereby incorporated by reference – defendant's claim is meritless for those additional reasons as well.

<u>POINT II</u>

<u>DEFENDANT HAS FAILED TO EXHAUST HIS STATE REMEDIES
WITH RESPECT TO HIS SENTENCING CLAIM.   IN ANY EVENT,
DEFENDANT'S SENTENCING CLAIM DOES NOT PROVIDE A BASIS
FOR HABEAS RELIEF</u>.

In his petition, defendant asserts that his sentence was harsh and excessive, and apparently is implicitly claiming that, as a result, his sentence violates the Eighth Amendment's stricture against cruel and unusual punishment.   Defendant did not, however, exhaust his state remedies with respect to the question of whether his sentence violates the Eighth Amendment. With respect to his sentencing claim, defendant's brief on appeal to the Appellate Division was devoid of any federal case law and was couched solely in terms of state law, which permits the Appellate Division, pursuant to N.Y. Crim. Proc. Law § 470.15(3)(c), to reduce a sentence in its discretion in the interest of justice.

Therefore, defendant has failed to exhaust his state remedies with respect to his sentencing claim, because defendant has not availed himself of the appropriate post-conviction remedies.   <u>See</u> <u>Andrango v. Chappius</u>, 2015 U.S. Dist. LEXIS 86774 (S.D.N.Y. June 8, 2015) ("a petitioner's reliance on a state procedural law granting courts discretionary authority to reduce sentences does not fairly present a federal constitutional claim in state court that would be cognizable on federal habeas review" [internal

5

quotation marks and citation omitted]). Accordingly, defendant's claim should be dismissed.

Alternatively, if this Court reaches defendant's claim, then his claim should be rejected on its merits. Defendant is not expressly asserting that his sentence is cruel or unusual or that it is disproportionate to his crime, and, in fact, his sentence is not cruel or unusual or disproportionate to his crime. A sentence may constitute cruel and unusual punishment when it is "cruelly" excessive, that is grossly disproportionate to the crime for which it is exacted. See Harmelin v. Michigan, 501 U.S. 957, 997-98, 1001 (1991); Solem v. Helm, 463 U.S. 277, 292 (1983); United States v. Bland, 961 F.2d 123, 128-29 (9th Cir.), cert. denied, 506 U.S. 858 (1992); People v. Thompson, 83 N.Y.2d 477, 479, 611 N.Y.S.2d 470 (1994).

Defendant claims dissatisfaction with his sentence only in relation to his personal circumstances, not because his sentence was disproportionate to the crime. Indeed, even in his habeas petition, defendant is asserting only that his sentence is "excessive," and not that his sentence is "cruel and unusual" or that his sentence constituted "punishment that shocks the collective conscience of society." United States v. Gonzalez, 922 F.2d 1044, 1053 (2d Cir.) (sentence of imprisonment for life without parole for drug dealer and killer not grossly disproportionate, even for first offender), cert. denied, 502

6

U.S. 1014 (1991).   Thus, in fact, defendant is actually invoking state law discretion to reduce a sentence and a state law claim for which a <u>habeas</u> court cannot provide relief.   <u>C.f.</u> <u>People v. Delgado</u>, 80 N.Y.2d 780, 783 (1992) (under N.Y. Crim. Proc. Law § 470.15[6][b], intermediate appellate court has broad, plenary power to modify unduly harsh or severe sentence, even though sentence within permissible statutory range).

In any event, because defendant was sentenced within the statutory norms under the New York State Penal Law, this claim does not pose a federal question.   The imposition of a term of imprisonment within the permissible statutory range, does not in itself trigger <u>habeas</u> review.   <u>See</u> <u>White v. Keane</u>, 969 F.2d 1381, 1383 (2d Cir. 1992) ("No federal constitutional issue is presented where, as here, the sentence is within the range prescribed by state law."); <u>France v. Artuz</u>, 98-CV-3850 (JG), 1999 U.S. Dist. LEXIS 19580 at *20 (E.D.N.Y. Dec. 17, 1999) (although defendant received maximum sentence, petitioner's sentence fell within state statutory standards and petitioner is not entitled to <u>habeas</u> relief); <u>Briecke v. New York</u>, 936 F. Supp. 78, 85 (E.D.N.Y. 1996); <u>Chisholm v. Henderson</u>, 736 F. Supp. 444, 449 (E.D.N.Y. 1990) (because sentence does not exceed maximum sentence permissible, ground for <u>habeas</u> relief is not available), <u>aff'd without op.</u>, 953 F.2d 635 (2d Cir. 1991); <u>Underwood v. Kelly</u>, 692 F. Supp. 146, 152 (E.D.N.Y. 1988) ("when a sentence is [within the range prescribed

by law] a claim of excessive punishment does not present a constitutional question necessary for habeas corpus reversal"), aff'd, 875 F.2d 857 (2d Cir. 1988), cert. denied, 493 U.S. 837 (1989); accord Diaz v. LeFevre, 688 F. Supp. 945, 949 (S.D.N.Y. 1988).

Moreover, the Supreme Court "has never found a sentence imposed in a criminal case violative of the Eighth Amendment merely because of its length." Carmona v. Ward, 576 F.2d 405, 408 (2d Cir. 1978), cert. denied, 439 U.S. 1091 (1979).

In any event, for the reasons given by the People in their brief on appeal to the Appellate Division in this case in response to defendant's excessive sentence claim, hereby incorporated by reference, defendant's sentence was not cruel or unusual.

<u>POINT III</u>

<u>DEFENDANT'S CLAIM THAT HIS PRETRIAL STATEMENTS SHOULD HAVE BEEN SUPPRESSED ON THE GROUND THAT THEY WERE ALLEGEDLY COERCED IS PROCEDURALLY BARRED AND MERITLESS</u>.

Defendant's claim that his pretrial statements should have been suppressed on the ground that they were allegedly coerced is unreviewable on federal habeas review, because defendant did not exhaust his state remedies with respect to that claim. In order to be entitled to a federal writ of habeas corpus, a state prisoner must first exhaust his state remedies with respect to a claim by fairly presenting the claim to the highest state court possible. <u>See</u> 28 U.S.C. § 2254(b)(1)(A), (c); <u>Picard v. Connor</u>, 404 U.S. 270, 275 (1971); <u>Dorsey v. Kelly</u>, 112 F.3d 50, 52 (2d Cir. 1997). In this case, although defendant raised this claim in the state courts, he did do so in the wrong state court. Accordingly, because defendant raised the claim in the wrong state forum, he did not exhaust his state remedies with respect to this claim, and therefore the claim is not reviewable by this Court on federal habeas review.

Although defendant claimed on collateral review -- in his motion, made pursuant to New York Criminal Procedure Law § 440.10, to vacate his judgment of conviction -- that his pretrial statements should have been suppressed on the ground that they were coerced, the state court rejected that claim as

9

procedurally barred, because defendant could have raised that claim on direct appeal, and thus could not raise it, as defendant did, in a motion a motion to vacate the judgment of conviction.   See N.Y. Crim. Proc. Law § 440.10(2)(c). Accordingly, because defendant raised his claim in the wrong state forum, he did not exhaust his state remedies relating to that claim.   See Reed v. Ross, 468 U.S. 1, 11 (1984) (failure to comply with rules requiring issues to be raised on direct appeal, as opposed to post-conviction collateral review, constitutes procedural default); Dean v. Smith, 753 F.2d 239, 241 (2d Cir. 1985) (claim not fairly presented to state court where petitioner utilized the wrong procedural vehicle and thereby deprived state court of fair opportunity to pass on merits of claim); Desrosiers v. Phillips, 2007 U.S. Dist. LEXIS 67935 (E.D.N.Y. Sept. 13, 2007).

Furthermore, defendant has no available state forum in which to raise this claim now.  Defendant was entitled only to one appeal to the Appellate Division and one request for leave to appeal to the New York Court of Appeals, both of which he pursued long ago.  See N.Y. Crim. Proc. Law § 450.10(1); N.Y. Rules of Court § 500.10(a); Aparicio v. Artuz, 269 F.3d 78, 91 (2d Cir. 2001) (holding claim unexhausted but procedurally barred because defendant could not, as of right, initiate successive appeal to Appellate Division or successive request

10

for leave to appeal to New York Court of Appeals).  Because defendant did not fairly present his claims to the state courts, and no longer has a state forum in which to raise this claim, this claim should be deemed exhausted, but denied on the ground that it is procedurally barred.  See Aparicio, 269 F.3d at 91; Washington v. James, 996 F.2d 1442, 1447 (2d Cir. 1993).

Defendant has also failed to show cause to overlook his procedural default of this claim.  Additionally, defendant has failed to show that a fundamental miscarriage of justice would result from applying the procedural bar.  As argued below in POINT V, the fundamental-miscarriage-of-justice exception to a procedural default exists to protect those who can show "credible" and "compelling" new evidence that they are "entirely innocent."  Schlup v. Delo, 513 U.S. 298, 321, 325 (1995).  And in this case, as argued below (infra POINT V), defendant has not provided any evidence, new or otherwise, to show that he is actually innocent, much less has he provided "credible" and "compelling" evidence, to show that he is actually innocent.

Because defendant no longer has a state forum in which to raise the claim, the claim should be deemed exhausted but procedurally barred from habeas review.  Bossett v. Walker, 41 F.3d 825, 828-29 (2d Cir. 1994); see also Ramirez v. Attorney Gen. of the State of N.Y., 280 F.3d 87, 94 (2d Cir. 2001)

11

(holding that federal claims which were never brought to the highest state court are exhausted but procedurally barred).

Moreover, the state court rejected defendant's claim on an independent and adequate state ground for decision, namely that, because defendant could have raised the claim on direct appeal but failed to do so, the claim was procedurally barred pursuant to New York Criminal Procedure Law § 440.10(2)(c).  See Ellison v. Keane, 1999 U.S. App. LEXIS 32728 (2d Cir. Dec. 15, 1999) (N.Y. Crim. Proc. Law § 440.10[2][c] is an independent and adequate state ground for decision).  Accordingly, for this reason as well defendant's claim is procedurally barred.

In any event, for the reasons given by the People in their papers filed in response to defendant's motion in the state court to vacate the judgment of conviction, and for the reasons given by the state court in denying defendant's motion, both of which are hereby incorporated by reference, defendant's claim, that his pretrial statements should have been suppressed, is meritless.

POINT IV

DEFENDANT'S *BRADY* CLAIM IS PROCEDURALLY BARRED AND MERITLESS.

Defendant's <u>Brady</u> claim is unreviewable on federal habeas review, because defendant did not exhaust his state remedies with respect to that claim.   In order to be entitled to a federal writ of habeas corpus, a state prisoner must first exhaust his state remedies with respect to a claim by fairly presenting the claim to the highest state court possible.   See 28 U.S.C. § 2254(b)(1)(A), (c); <u>Picard v. Connor</u>, 404 U.S. 270, 275 (1971); <u>Dorsey v. Kelly</u>, 112 F.3d 50, 52 (2d Cir. 1997).   In this case, although defendant raised this claim in the state courts, he did do so in the wrong state court.   Accordingly, because defendant raised the claim in the wrong state forum, he did not exhaust his state remedies with respect to this claim, and therefore the claim is not reviewable by this Court on federal habeas review.

Although defendant claimed on collateral review -- in his motion, made pursuant to New York Criminal Procedure Law § 440.10, to vacate his judgment of conviction -- that there was a delayed disclosure of <u>Brady</u> material, the state court rejected that claim as procedurally barred, because defendant could have raised that claim on direct appeal, and thus defendant could not raise the claim, as defendant did, in a motion to vacate the

13

judgment of conviction. <u>See</u> N.Y. Crim. Proc. Law
§ 440.10(2)(c). Accordingly, because defendant raised his claim
in the wrong state forum, he did not exhaust his state remedies
relating to that claim. <u>See</u> <u>Reed v. Ross</u>, 468 U.S. 1, 11 (1984)
(failure to comply with rules requiring issues to be raised on
direct appeal, as opposed to post-conviction collateral review,
constitutes procedural default); <u>Dean v. Smith</u>, 753 F.2d 239,
241 (2d Cir. 1985) (claim not fairly presented to state court
where petitioner utilized the wrong procedural vehicle and
thereby deprived state court of fair opportunity to pass on
merits of claim); <u>Desrosiers v. Phillips</u>, 2007 U.S. Dist. LEXIS
67935 (E.D.N.Y. Sept. 13, 2007).

Furthermore, defendant has no available state forum in
which to raise this claim now. Defendant was entitled only to
one appeal to the Appellate Division and one request for leave
to appeal to the New York Court of Appeals, both of which he
pursued long ago. <u>See</u> N.Y. Crim. Proc. Law § 450.10(1); N.Y.
Rules of Court § 500.10(a); <u>Aparicio v. Artuz</u>, 269 F.3d 78, 91
(2d Cir. 2001) (holding claim unexhausted but procedurally
barred because defendant could not, as of right, initiate
successive appeal to Appellate Division or successive request
for leave to appeal to New York Court of Appeals). Because
defendant did not fairly present his claims to the state courts,
and no longer has a state forum in which to raise this claim,

14

this claim should be deemed exhausted, but denied on the ground that it is procedurally barred.  See, 269 F.3d at 91; Washington v. James, 996 F.2d 1442, 1447 (2d Cir. 1993).

Defendant has also failed to show cause to overlook his procedural default of this claim.  Additionally, defendant has failed to show that a fundamental miscarriage of justice would result from applying the procedural bar.  As argued below in POINT V, the fundamental-miscarriage-of-justice exception to a procedural default exists to protect those who can show "credible" and "compelling" new evidence that they are "entirely innocent."  Schlup v. Delo, 513 U.S. 298, 321, 325 (1995).  And in this case, as argued below (infra POINT V), defendant has not provided any evidence, new or otherwise, to show that he is actually innocent, much less has he provided "credible" and "compelling" evidence, to show that he is actually innocent.

Because defendant no longer has a state forum in which to raise the claim, the claim should be deemed exhausted but procedurally barred from habeas review.  Bossett v. Walker, 41 F.3d 825, 828-29 (2d Cir. 1994); see also Ramirez v. Attorney Gen. of the State of N.Y., 280 F.3d 87, 94 (2d Cir. 2001) (holding that federal claims which were never brought to the highest state court are exhausted but procedurally barred).

Moreover, the state court rejected defendant's claim on an independent and adequate state ground for decision, namely that,

15

because defendant could have raised the claim on direct appeal but failed to do so, the claim was procedurally barred pursuant to New York Criminal Procedure Law § 440.10(2)(c).  <u>See</u> <u>Ellison</u> <u>v. Keane</u>, 1999 U.S. App. LEXIS 32728 (2d Cir. Dec. 15, 1999) (N.Y. Crim. Proc. Law § 440.10[2][c] is an independent and adequate state ground for decision).  Accordingly, for this reason as well defendant's claim is procedurally barred.

In any event, for the reasons given by the People in their papers filed in response to defendant's motion in the state court to vacate the judgment of conviction, and for the reasons given by the state court in denying defendant's motion, both of which are hereby incorporated by reference, defendant's claim is meritless.

POINT V

DEFENDANT'S CLAIM OF ACTUAL INNOCENCE IS NOT A GROUND
FOR FEDERAL *HABEAS* RELIEF.   IN ANY EVENT, DEFENDANT
HAS NOT SHOWN THAT HE IS ACTUALLY INNOCENT.

A state prisoner's claim that he is "actually innocent" is not a ground for habeas corpus relief.   In Herrara v. Collins, 506 U.S. 390, 400 (1993), the Supreme Court held that a claim of actual innocence is not a ground for federal habeas relief, absent an independent constitutional violation occurring in the underlying state criminal proceeding.   See also Townsend v. Sain, 372 U.S. 293, 317 (1963) ("the existence merely of newly discovered evidence relevant to the guilt of a state prisoner is not a ground for relief on federal habeas corpus"); Coogan v. McCaughtry, 958 F.2d 793, 801 (7th Cir.), cert. denied, 506 U.S. 986 (1992) (as a general rule, newly discovered evidence that bears only on the questions of guilt or innocence is not reviewable by a federal court on a motion for habeas corpus relief); Smithwick v. Walker, 758 F. Supp. 178, 184 (S.D.N.Y.), aff'd, 948 F.2d 1278 (2d Cir. 1991) ("Evidence which goes only to the guilt or innocence of petitioner is not sufficient to require habeas corpus relief.").

A state prisoner may, however, use evidence of "actual innocence" to overcome a procedural bar to habeas review of a claim.   See Schlup v. Delo, 513 U.S. 298 (1995).   A showing of actual innocence must be based on new evidence.   Id. at 324,

17

327-28 (petitioner must present "new reliable evidence . . . that was not presented at trial" and "show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt").

The fundamental miscarriage of justice exception exists to protect those who are "truly deserving," in that they are "entirely innocent." Schlup v. Delo, 513 U.S. 298, 321, 325 (1995) (emphasis added). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998) (citation omitted). Accordingly, "the fundamental miscarriage of justice exception is 'extremely rare' and should be applied only in 'the extraordinary cases.'" Sweet v. Bennett, 353 F.3d 135, 142 (2d Cir. 2003) (citation omitted).

In this case, as the state court correctly held, in rejecting defendant's motion to vacate the judgment of conviction, defendant failed to introduce any evidence to support his assertion of actual innocence. Accordingly, defendant's claim of actual innocence should be denied.

CONCLUSION

FOR ALL OF THE FOREGOING REASONS, THE PETITION FOR A
WRIT OF HABEAS CORPUS SHOULD BE DENIED.


Dated:      Brooklyn, New York
            August 3, 2015


                              Respectfully submitted,

                              KENNETH P. THOMPSON
                              District Attorney
                              Kings County


LEONARD JOBLOVE
SOLOMON NEUBORT
Assistant District Attorneys
      of Counsel

19

<u>Certificate of Service</u>

I hereby certify that on August 3, 2015, the foregoing document was caused to be served in accordance with the Federal Rules of Civil Procedure, and/or the Eastern District's Local Rules upon the following party:

Enrique Rivera
09-A-3190
Green Haven Correctional Facility
594 Route 216
P.O. Box 400
Stormville, New York 12582


Solomon Neubort
Assistant District Attorney
Office of the Kings County District Attorney
350 Jay Street
Brooklyn, New York 11201
(718) 250-2514