Mr. Enrique Rivera-09-A-3190
Green Haven C.F.
P.O. Box 4000
Stormville, NY 12582

Dated: April 20, 2016

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ APR 25 2016 ★

BROOKLYN OFFICE

Clerk of the U.S. District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201-1312

Re: Rivera v. Griffin,
    Dkt No. # 15-CV-2657 (WFK)
    Recent Case Law Development

Dear Sir/Madam:

  I am forwarding this letter to respectfully request that it be reviewed and considered as a form to amend to petitioner Traverse Reply motion filed on September, 2015, to this Court in light of the recent case law development by the wake of the Supreme Court's decision in Wearry v. Cain, 136 S.Ct. 1002 (2016) on post-conviction Brady violation. In recent ruling by Supreme Court petitioner respectfully request this court to review this letter/motion as a request to amend.

  Petitioner urges that the respondent allegation (Resp. 13), the prosecutor Solomon Neubort opposition states: Defendant claimed on collateral review -- in his motion, made pursuant to New York Criminal Procedure Law §440.10, to vacate his judgment of conviction -- that there was a delayed disclosure of Brady material, the state court rejected that claim as procedurally barred, because defendant could have raised that claim on direct appeal, and thus defendant could not raise the claim, as defendant did, in a motion to vacate the judgment of conviction. (See Respondent pgs-13-14).

  In Wearry, at 1007, however, the Supreme Court capitalized on its AEDPA enactment, there had been any flexibility with the these restrictions, thereby allowing for interpretation by Brady to the fact of the case at bar. In rejecting the petitioner's argument that the state court improperly denied his postconviction that: Based on May 4th, 2009, the prosecutor informed the defense that petitioner's cousin Jahaira Serrano had recanted her pretrial sworn statement to the police that she had observed the bathroom brawl and that petitioner's brother had informed her after the brawl that petitioner had confessed to stabbing the victim. However, seeing that the evidence was not available to the defense during first trial, the defense was denied the right to a fair trial.

Independent of the statutory of 28 US.C. §2244(b)(1)(A) & 28 U.S.C. §2254(d)(1), this Court has the inherent power to remedy fundamental structural fraud, as distinguished from false testimony - had enough in itself, but not such fundamental nature as occurred in this case. As definitively stated in <u>Wearry</u>, 136 S.Ct. at 1007, recalling its holding that:

> . . .the dissent criticizes the Court for deciding this "intensely factual question . . . without full briefing and argument." Post at 1011. But the Court has not shied away from summarily deciding fact-intensive cases where, as here, lower courts have egregiously misapplied settled law."

Without a developed record with respect to this issues, it is respectfully submitted that this court should have conducted a hearing to resolve this claim will push the Supreme Court to recognize the constitutional right to postconviction relief alleging a Brady violation. Under all of the circumstances and in line with applicable case law, there should have been no procedural default imposed by the court based on lack of due diligence and the court should at least have exercised its discretion and found that the issues involving fraud, the Rudy Cordova's credibility hasn't been produced.

Thank you for time and consideration in this matter.

Sincerely,

*Enrique Rivera*

Enrique Rivera

cc: (1) Kenneth P. Thompson
    Kings County District Attorney
    350 Jay Street Street
    Brooklyn, NY 11201

    file



**GREEN HAVEN CORRECTIONAL FACILITY**
P.O. BOX 4000
STORMVILLE, NEW YORK 12582-4000
NAME: Enrique Rivera          DIN: 02-A-3190

Legal / Mail

To: Clerk of the Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, N.Y. 11201

neopost
04/21/2016
US POSTAGE $000.46⁵
FIRST CLASS MAIL
ZIP 12582
041L11251119