UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
**ENRIQUE RIVERA,**

                    Petitioner,

      -Against-

**THOMAS GRIFFIN,** GREEN HAVE
CORRECTIONAL FACILITY,

                 Respondent.
------------------------------------------------------X

**FILED**
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★   **JUN 22 2017**   ★

**BROOKLYN OFFICE**

AFFIDAVIT IN SUPPORT

Dkt. No: 15-CV-2657 (WFK)

STATE OF NEW YORK  )
COUNTY OF DUTCHESS ) SS.:

    I, **ENRIQUE RIVERA,** declare under penalties of perjury, pursuant to 28 U.S.C.

§1746, that the contents of this declaration in support of his Pro Se application are true,

accurate and correct, and affirm the same.

### PRELIMINARY STATEMENT

    1. Petitioner respectfully submits this supplemental reply to Respondent traverse

reply motion (See Respondent Opposition pg-13), which was granted by Honorable

William F. Kuntz, II, dated January 25, 2017, pursuant to Federal Rule of Civil Procedure

Rule 15(a) (2). (See Exhibit A, Docket #12).

### FACTUL AND PROCEDURAL BACKGROUND

    2. Petitioner respectfully submits that, this Honorable Court is fully familiar with

the facts and circumstances of the instant case, and in the interest of judicial efficiency, a

comprehensive statement of the facts will not be included herein. Rather, petitioner will

reference the prior matter filed in this action and the statement of facts and findings set

forth in the Respondent Opposition. See <u>Rivera v. Griffin</u>, 15-CV-2657 (WFK) (See Exhibit A, Docket # 6).

## SUMMARY OF ARGUMENT

3. In **Martinez v. Ryan**, 566 US 1 (2012) and **Trevino v. Thaler**, 133 S.Ct. 1911 (2013), the Supreme Court clarified the scope of the "reasonable probability" standard set forth **Strickland v. Washington**, 466 US 668, 689 (1984) which afforded Mr. Rivera an opportunity for federal review of his claim of **Brady** requires a " 'reasonable probability' that the result of the trial would have been different." <u>Cf</u>. **Buck v. Davis**, 137 S.Ct. 759, 776 (2017)(formulating district court's prejudice inquiry as whether habeas petitioner has demonstrated a reasonable probability that in sentencing phase, "at least one juror would have harbored a reasonable doubt" as to defendant's future dangerousness); **Cone v. Bell**, 556 US 449, 452 (2009)(remanding petitioner's habeas claim for district court to determine whether there was a reasonable probability withheld **Brady** evidence "would have altered at least on juror's assessment of the appropriate penalty for [petitioner's] crimes").

4. Petitioner urges that the respondent's allegation (Respondent Opposition, pg-13), the prosecutor Solomon Neuber opposition stated:

> Defendant claimed on collateral review in his motion, made pursuant to New York Criminal Procedure Law §440.10, to vacate his judgment of conviction – that there was a delayed disclose of **Brady** material, the state court rejected that claim as procedurally barred, because defendant could have raised that claim on direct appeal, and thus defendant could not raise that claim, as defendant, did in a motion to vacate the judgment of conviction. [1]

---

[1] Here, Mr. Rivera, "unlearned in the law," might not understand how to comply with the New York State's procedural rules, [See CPL §440.10(1) (h)]. The state court erred when it rejected petitioner's **Brady** claim, and its judgment should accordingly be reversed. In <u>Leka v. Portuondo</u>, 257 F.3d 89, 107 (2d Cir. 2001), the Second Circuit granted a new trial to a habeas petitioner due to the untimely disclosure of **Brady** material. <u>Id</u>.

3

5. The record shows that on May 4th, 2009, the prosecutor informed the defense that petitioner's cousin Jahaire Serrano had recanted her pretrial sworn statement to the police that she had observed the bathroom brawl and that petitioner's brother had informed her after brawl that petitioner had confessed to stabbing the victim. However seeing that the evidence was not available to the defense during the first trial, the defense was denied the right to a fair trial.

6. That evidence, in conjunction with other suppressed evidence that would have undermined the government's investigation and further impeached several witness, gives rise to far more than a "reasonable probability" that the jury would have had a reasonable doubt. Under **Brady** and its progeny, exculpatory and impeachment evidence is material and its suppression violates due process if "there is any reasonable likelihood it could have affected the judgment of the jury." The relevant standard has crystallized in recent in **Wearry v. Cain**, 136 S.Ct. 1002 (2016)(per curiam), is a case that shows greater recognition of both the prosecution's failure to bring this body of exculpatory evidence to the attention of the defense was seriously prejudiced and they did not receive fair trial.

7. Petitioner would have used the evidence regarding that the People's main witness, Rudy Cordova's credibility has not been produced as well as the objective crime-scene evidence to present to the jury an alternative theory of the crime. That theory would have been at least as credible as the prosecution's theory, which had only its flawed witnesses to sustain it. [See **Wearry**, 136 S.Ct. at 1006]. [2] If the suppressed

---

[2] "Evidence qualifies as material when there in any reasonable likelihood it could have affected the judgment of the jury." A defendant need not show that he "more likely than not" would have been acquitted; only that the suppressed evidence could reasonably be taken to "undermine confidence" in the

4

information had been available to petitioners, they would have presented a radically different defense. Petitioner consistently maintained his innocence, even that he confessed, after he was brought to the precinct on February 28th, because Detective Darino threatened that if he did not, both he, and his brother Julio, would be charged with murder, and Julio would face life imprisonment.

8. With that evidence, Mr. Rivera could have challenged the very core of the government's case – its "group of intoxication men" theory of the crime – and pointed to a People's witness attempted to downplay the chaos of the scene, they were impeached with testimony from defendant's second trial –without a developed record with respect to this issue, it is respectfully submitted that this Honorable Court should have conducted a hearing to resolve this claim will push the Supreme Court to recognized the constitutional right to post-conviction relief alleging a **Brady** violation.

9. Under all the circumstances and in line which applicable case law, there should have been no procedural default imposed by the court based on lack of due diligence and the court should at least have exercised its discretion and found that the issue involves fraud, the inability of Rudy Cordova's to corroborate his testimony would have been useful to petitioner in further undermining Mr. Cordova's credibility. Petitioner would have developed the crime scene evidence of they had presented the alternative theory because such evidence would have affirmatively supported that the testimony regarding the chaotic bar fight, combined with defendant's post-arrest statements and the evidence of his intoxicated state, provided a reasonable basis to find defendant guilty of reckless manslaughter and to acquit on the intentional counts.

---

verdict. Id. (internal quotation marks omitted). And, by that measure, a defendant can prevail "even if . . . the undisclosed information may not have affected the jury's verdict." Id. at 1006. n.6.

## IN THE INTEREST OF JUSTICE

10. Petitioner is a layman in the matters of law, as such seeks this Court's indulgence to overlook any and all technical errors faults and or defects herein, pursuant to Rule 15(a) (2). Additionally, as most pro se petitioner[s] are not skilled attorneys, it can be argued that, they are not responsible for their previous attorney's actions or inaction, and therefore should not be procedurally barred for their own ignorance of the law. See **Buck v. Davis**, 137 S.Ct. 759 (2017).

## CONCLUSION

**WHEREFORE,** Petitioner respectfully submits that, this Court set aside the state should be, reversed and Rivera's conviction should be vacated in all respects.

In addition, for such other and further relief as this Honorable Court may deem just and proper.

Dated: June14, 2017
Stormville, New York

Sworn before me this 14th day
of June 2017

~~~ notary public

Emilio Mei
N~ ~y Public, State of New York
~nn~ ~ed in ~ut~he~s County
I~~g.~ 01~ ~.~5703
Commission Expires 10/16/20 _18_

Respectfully Submitted:

S/ *Enrique Rivera*
ENRIQUE RIVERA

To: Clerk of the Court
    United States District Court
    Eastern District of New York
    225 Cadman Plaza East
    Brooklyn, NY 11201

    Mr. Eric Gonzalez,
    Acting Kings County District Attorney
    350 Jay Street
    Brooklyn, NY 11201

# EXHIBIT A

HABEAS,MJSELECT−RER,PROSE

# U.S. District Court
## Eastern District of New York (Brooklyn)
## CIVIL DOCKET FOR CASE #: 1:15−cv−02657−WFK

Rivera v. Griffin
Assigned to: Judge William F. Kuntz, II
Cause: 28:2254 Petition for Writ of Habeas Corpus (State)

Date Filed: 05/22/2015
Jury Demand: None
Nature of Suit: 530 Habeas Corpus (General)
Jurisdiction: Federal Question

**Petitioner**

**Enrique Rivera**

represented by **Enrique Rivera**
# 09−A−3190
Green Haven Correctional Facility
594 Rt. 216
P.O. Box 400
Stormville, NY 12582
PRO SE

V.

**Respondent**

**Thomas Griffin**

represented by **KINGS COUNTY DISTRICT ATTORNEYS OFFICE − GENERIC**
Email: appealsefile@brooklynda.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**NEW YORK STATE ATTORNEY GENERALS OFFICE − GENERIC**
New York State Attorney Generals Office
Email: alyson.gill@ag.ny.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Solomon Neubort**
Kings County District Attorney
350 Jay Street
Brooklyn, NY 11201
718−250−2514
Fax: 718−250−2549
Email: neuborts@brooklynda.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/22/2015 | 1 | PETITION for Writ of Habeas Corpus , filed by Enrique Rivera. (Attachments: # 1 Civil Cover Sheet) (Bowens, Priscilla) (Entered: 05/28/2015) |
| 05/28/2015 | 2 | NOTICE OF DEFICIENT FILING, litigant notified of deficiency(s) that **must be corrected within fourteen (14) days.** (Bowens, Priscilla) (Entered: 05/28/2015) |
| 05/28/2015 | 3 | In accordance with Rule 73 of the Federal Rules of Civil Procedure and Local Rule 73.1, the parties are notified that *if* all parties consent a United States magistrate judge of this court is available to conduct all proceedings in this civil action including a (jury or nonjury) trial and to order the entry of a final judgment. Attached to the Notice is a blank copy of the consent form that should be filled out, signed and filed electronically only if all parties wish to consent. The form may also be accessed at the following link:http://www.uscourts.gov/uscourts/FormsAndFees/Forms/AO085.pdf. **You may withhold your consent without adverse substantive consequences. Do NOT return** |

| | | or file the consent <u>unless</u> all parties have signed the consent. (Bowens, Priscilla) (Entered: 05/28/2015) |
|---|---|---|
| 06/02/2015 | <u>4</u> | FILING FEE: $ 5.00, receipt number 4653088857. (Brucella, Michelle) (Entered: 06/02/2015) |
| 06/04/2015 | <u>5</u> | ORDER TO SHOW CAUSE: Respondent shall file a complete and entire answer or other pleading in response to the Petition within 60 days of the date of this Order. The Clerk of the Court shall serve copies of this Order and the Petition for a Writ of Habeas Corpus electronically upon the Attorney General of the State of New York and the District Attorney for Kings County. Pursuant to Rule 5(e) of the Rules Governing Section 2254 Cases, Petitioner shall file any reply to Respondent's answer within 30 days of the filing of the answer. Respondent shall serve a copy of this Order upon Petitioner, and file proof of service with the Clerk of the Court, within 10 days of the date of this Order. It is further ORDERED, that the hearing on the Order to Show Cause shall be heard before this Court at the United States Courthouse, in Courtroom 6H North on the 10/13/2015 at 12:30 p.m. SO ORDERED by Judge William F. Kuntz, II, on 6/3/2015. *C/mailed to pro se Petitioner. Electronic Service upon Respondents, re: this Order and Petitioner's <u>1</u> Petition for a Writ of Habeas Corpus.* (Latka–Mucha, Wieslawa) (Entered: 06/04/2015) |
| 08/03/2015 | <u>6</u> | RESPONSE TO ORDER TO SHOW CAUSE by Thomas Griffin (Neubort, Solomon) (Entered: 08/03/2015) |
| 09/22/2015 | <u>7</u> | TRAVERSE, filed by Enrique Rivera. (Attachments: # <u>1</u> Affirmation of Service) (Brucella, Michelle) (Entered: 09/23/2015) |
| 10/05/2015 | | SCHEDULING ORDER: The Order to Show Cause hearing previously scheduled for October 13, 2015 is hereby canceled. The Court will decide the petition on the papers. So Ordered by Judge William F. Kuntz, II on 10/5/2015. (Bhat, Anjali) (Entered: 10/05/2015) |
| 10/08/2015 | <u>8</u> | Letter dated 10/1/15 from Enrique Rivera to the Clerk of the Court, "requesting that the Court make its determination by also considering a recent habeas grant by the U.S. Court of Appeals for the Second Circuit..." (Brucella, Michelle) (Entered: 10/08/2015) |
| 12/08/2015 | <u>9</u> | STATE COURT RECORD (Attachments: # <u>1</u> Supplement) (Neubort, Solomon) (Entered: 12/08/2015) |
| 12/08/2015 | <u>10</u> | STATE COURT RECORD received (Neubort, Solomon) (Entered: 12/08/2015) |
| 04/25/2016 | <u>11</u> | Letter MOTION to Amend <u>7</u> TRAVERSE by Enrique Rivera. (Rodriguez, Lori) (Entered: 04/26/2016) |
| 01/25/2017 | #<u>12</u> | ORDER granting <u>11</u> Motion to Amend/Correct/Supplement traverse reply motion papers. The petitioner has until September 15, 2017 to serve the supplemental papers. The respondent has until November 17, 2017 to serve and to file any responsive papers. The Court shall determine the motion on the submitted papers after November 17, 2017 without oral argument. So Ordered by Judge William F. Kuntz, II on 1/25/2017. (Kuntz, William) (Entered: 01/25/2017) |

U.S. District Court

Eastern District of New York

**Notice of Electronic Filing**

The following transaction was entered on 1/25/2017 at 1:58 PM EST and filed on 1/25/2017

**Case Name:**       Rivera v. Griffin
**Case Number:**     1:15-cv-02657-WFK
**Filer:**
**Document Number:** No document attached

**Docket Text:**
**ORDER granting [11] Motion to Amend/Correct/Supplement traverse reply motion papers. The petitioner has until September 15, 2017 to serve the supplemental papers. The respondent has until November 17, 2017 to serve and to file any responsive papers. The Court shall determine the motion on the submitted papers after November 17, 2017 without oral argument. So Ordered by Judge William F. Kuntz, II on 1/25/2017. (Kuntz, William)**